**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WILBERT RAY HUTSON, § | | |
| Petitioner, § | | |
| VS. § | | CIVIL ACTION NO. H-05-1163 |
| § | | |
| DOUGLAS DRETKE, § | | |
| Respondent. § | | |

**MEMORANDUM AND OPINION**

Petitioner, Wilbert Ray Hutson, sues under 28 U.S.C. § 2254, challenging a 2001 conviction in the 183rd Judicial District Court of Harris County, Texas. The issue is whether this federal petition is subject to dismissal as time-barred under 28 U.S.C. § 2244(d)(1).

**I.     Background**

A jury found Hutson guilty of the offense of aggravated robbery with a deadly weapon. On September 26, 2001, the jury sentenced Hutson to a prison term of ten years. The Fourteenth Court of Appeals of Texas affirmed Hutson's conviction on October 10, 2002. Hutson states that the Texas Court of Criminal Appeals refused his petition for discretionary review on April 3, 2003, but the court's online research reveals that the petition for discretionary review was refused on April 18, 2003. Hutson filed an application for state habeas relief on July 26, 2004, which the Texas

Court of Criminal Appeals denied without written order on February 9, 2005. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, pp. 3-4).

This court received Hutson's petition on April 4, 2005. The petition was filed when Hutson tendered it to the prison authorities for mailing to the district court. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998). Ordinarily, this court would presume that Hutson deposited his federal petition in the prison mail on the date he signed it, March 28, 2005. *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998).

In this federal petition, Hutson contends that his 1997 conviction is void for the following reasons: (1) he was denied the right of self-representation; (2) he received ineffective assistance of counsel; (3) the evidence was insufficient to support his conviction; and (4) he was denied the opportunity to plead self-defense. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 7-8).

## II.  The Issue of Limitations

From a review of the federal petition, the court finds that Hutson's petition is time-barred. A district court may *sua sponte* raise the issue of whether a federal petition is barred by the one-year limitation period under AEDPA. *See Kiser v. Johnson,* 163 F.3d 326, 329 (5th Cir. 1999). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>(2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins to run when the judgment becomes final after an appeal or when the time for seeking final review has expired. 28 U.S.C. § 2244(d)(1)(A). This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. 28 U.S.C. § 2244(d)(2). The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

Hutson is challenging a conviction that became final after the AEDPA's effective date. In this case, the limitations period began to run from "the date on

3

which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*. § 2244(d)(1)(A).  Hutson's conviction became final when the time for filing a petition for a writ of *certiorari* expired, ninety days after the Texas Court of Criminal Appeals denied review.  Supreme Court Rule 13.1 (West 2001). The Texas Court of Criminal Appeals refused Hutson's petition for discretionary review on April 18, 2003.  Hutson's deadline for filing a petition for a writ of *certiorari* was July 17, 2003.  The limitations period ended one year later, on July 16, 2004.  Hutson did not file this federal petition until March 28, 2005.

A properly filed application for state post-conviction relief tolls limitations.  28 U.S.C. § 2244(d)(2)(West 1997).  The one-year limitations period began on July 17, 2003.  The limitations period ended on July 16, 2004, but Hutson waited until March 28, 2005 before filing his federal petition.  Hutson's state application did not toll the limitations period because he filed it after the limitations period had ended.  *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000).

Hutson does not identify any other grounds for equitable tolling.  The record does not disclose any basis to apply equitable tolling.  *See, e.g., Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)(finding that confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling where the alleged impediments to filing a federal petition were removed six months before the

end of the limitations period), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.)(finding that alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.)(finding that unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007 (1999). Hutson's delay in filing his state habeas application mitigates against the application of the tolling doctrine. *Ott v. Johnson,* 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000).

Hutson may not rely on his status as an unskilled layperson to excuse the delay in filing this petition. It is well settled that ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse late filing. *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.2000); *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *Davis v. Johnson,* 158 F.3d 806, 808-12 (5th Cir. 1998); *Barrow v. S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir. 1991). *See United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993)(an inmate's pro se status, illiteracy, deafness, or lack of legal training do not amount to factors external to the inmate that excuse an abuse of the writ); *Saahir v. Collins,* 956 F.2d 115, 118-19 (5th Cir. 1992)(holding that neither prisoner's pro se status nor ignorance of the law constitutes "cause" for failing to

include legal claim in prior petition); *see also Worthen v. Kaiser,* 952 F.2d 1266, 1268-68 (10th Cir. 1992)(petitioner's failure to discover the legal significance of the operative facts does not constitute cause). Proceeding *pro se* is not a "rare and exceptional" circumstance that justifies the equitable tolling of limitations. *Pro se* litigants are the rule, not the exception, in section 2254 suits. *Cf. United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993). Hutson's *pro se* status does not present a rare and exceptional circumstance that excuses the delay in filing his federal habeas petition.

Hutson does not satisfy any of the exceptions to the AEDPA's statute of limitations. The record does not indicate that any unconstitutional state action prevented Hutson from filing an application for federal habeas relief prior to the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Hutson's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Hutson has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D). His claims relate to his trial in 2001. Hutson's federal petition is barred by the applicable statute of limitations.

## III.   Conclusion

Hutson's motion to proceed as a pauper, (Docket Entry No. 10), is GRANTED.  Hutson's challenges to his 2001 conviction are DISMISSED as time-barred.  This case is DISMISSED.  Any remaining pending motions are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)).  An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further.  *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001)(citing *Slack,*

529 U.S. at 484). Hutson has not shown that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether this court was correct in its procedural ruling. Accordingly, a certificate of appealability is DENIED.

SIGNED on May 31, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge